**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 14, 2012

Lawrence P. DeMuth, Esq.
Mignini & Raab, LLP
2015 Emmorton Road, Ste. 202
Bel Air, MD 21015

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

> **Re: Eric Denton v. Michael J. Astrue, Commissioner of Social Security, PWG-10-786**

Dear Counsel:

   Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Denton's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 8,15,21).  Claimant also filed a Response to Defendant's Motion (ECF. No. 25).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court DENIES the Plaintiff's Motion and GRANTS the Commissioner's Motion.

   Eric Denton (sometimes referred to as "Mr. Denton", or "Claimant") filed applications for DIB and SSI on November 24, 2006, alleging that he became disabled on April 24, 2002, due to obesity, degenerative disc disease, ringing noise in his ears, and depression. (Tr. 109-117, 153).  After his claims were denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Melvin D. Benitz, on January 15, 2009. (Tr. 33-59, 60-63).  In a decision dated June 3, 2009, the ALJ found that although Mr. Denton's degenerative disc disease and depression were "severe

impairments" as that term is defined in the Regulations, they did not meet or equal any of the listed impairments. The ALJ also found that Mr. Denton retained the residual functional capacity ("RFC") to perform a range of light work and that based upon his RFC, Mr. Denton was not able to perform any of his past relevant work ("PRW"). Next, after receiving testimony from a vocational expert ("VE"), the ALJ found that there were jobs available in significant numbers which Mr. Denton could perform. Accordingly, the ALJ denied Mr. Denton's claims. (Tr. 11-21). On February 12, 2010, the Appeals Council denied Mr. Denton's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 1-5).  This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); see also *King v. Califano*, 599 F.2d 597 (4th Cir. 1979);*Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze* , 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. See *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents several arguments in support of his contention that the ALJ's decision is not supported by substantial evidence.  For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that ALJ erred by failing to support his RFC findings with substantial evidence. (ECF No. 15, p.11). Specifically, he argues there is no medical evidence to support the ALJ's RFC finding that he could perform work allowing for a sit/stand option because the ALJ also found he is unable to balance for more than 1 to 2 hours a day.

In explaining his RFC finding however, the ALJ stated he was relying on the opinions of State Agency reviewing physician Dr.

Koppelman, who found that Claimant could balance occasionally. (Tr. 19). SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[1] The ALJ adequately discussed the reasons for affording the State Agency physician's opinions significant weight. (Tr. 19). Dr. Koppelman's assessment stated, *inter alia,* that Claimant could occasionally lift 20 pounds and frequently lift 10 pounds, and that he could occasionally balance, stoop and kneel, occasionally climb ramps and stairs, but that he could never climb ladders, ropes, or scaffolds.(Tr. 19, 439). Equally important is that Dr. Koppelman stated the basis for his conclusion was his review of Claimant's medical records from his treating physicians, Dr. Jamaris and Dr. York, dated 2003 through 2007. (Tr. 439). Dr. Koppelman's opinion supports the ALJ's finding that Mr. Denton could occasionally balance. When viewed in its entirety, the evidence in the record supports the ALJ's RFC determination and the decision to afford considerable weight to the DDS physician's assessments. (Tr. 19-21).

Mr. Denton also argues that the ALJ erred by failing to consider properly the opinions of his treating physician, Dr. York and Physician's Assistant, Daniel Stenger. For the reasons that follow, I find his argument without merit. A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole.

---

[1] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

3

Claimant was treated for serious back injuries and degenerative disc disease. There is no question that during his initial diagnosis and treatment, which the ALJ acknowledged included three surgeries, Mr. Denton suffered from various symptoms of pain. (Tr. 14, 18). However, the ALJ found that Mr. Denton's symptoms improved with surgery and medication. The ALJ's findings are supported by the doctor's records. (Tr. 14-18, 210, 216). For example, the ALJ discussed the medical records from Dr. York's office, which included treatment notes and reports from the Physician's Assistant ("PA"), Mr. Daniel Stenger. In November 2006, Mr. Stenger stated that Mr. Denton could work in "a sedentary to light duty position." (Tr. 209). The ALJ did not ignore this evidence in determining whether Mr. Denton was disabled, as Claimant alleges. Rather, the ALJ found that Dr. York's 2008 opinion that Mr. Denton was disabled conflicted with the records and the doctor's previous opinions that Claimant's medical condition had improved and the opinion that he would be able to perform light duty activity. (Tr. 18, 210, 216). After review of the record, I find that the ALJ's decision to afford less than controlling weight to Dr. York's opinion that Mr. Denton is disabled is supported by substantial evidence.

Mr. Denton's third argument is that the ALJ failed to assess his credibility appropriately. ECF No. 15, pp. 17-18. After review of the ALJ's decision and the record, I disagree. The ALJ fully and adequately explained his credibility determination. *See* SSR 96-7p. In determining Claimant's credibility and the impact that his alleged impairments had on his ability to work, the ALJ stated that he considered, among other things, the reports from Dr. Stuart Gordon and Dr. G. Slaughter. (Tr. 18-19). Dr. Gordon examined Claimant in April 2007 and stated that Mr. Denton could perform sedentary to light duty work. In 2003 Dr. Slaughter noted that Mr. Denton reported relief of the numbness he had in his leg pre-operatively and improvement in his left radicular pain.(Tr. 395, 404). This information, provided by a physician, is exactly the type of evidence the ALJ is required to consider pursuant to 96-7p.[2] In

---

[2] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence, the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in

sum, these factors, coupled with Mr. Denton's testimony regarding his activities, were appropriately considered, and provide substantial support for the ALJ's conclusion. (Tr. 18-20).

Finally, Claimant argues that the ALJ erred by failing properly to evaluate his obesity in determining whether he was disabled.  The Court is not persuaded that the ALJ failed to consider the effects of Mr. Denton's weight pursuant to SSR 02-1p.  Mr. Denton argues that because he had a Body Mass Index "BMI"[3] of 35, based on his height and weight it is apparent that he suffers from obesity and that it "could" have an impact on his ability to perform basic work activities.  ECF No. 15, pp. 20-21.  A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment.  SSR 02-1p, in relevant part, states:

> "There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment.  Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."

See SSR 02-1p (2000 WL 628049, *4(S.S.A.)).

---

the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible."  It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight. (1996 WL 374186 *1-*2).

[3] BMI is the ratio of an individual's weight in kilograms to the square of his or her height in meters. (kg/m2).

5

Mr. Denton has not directed the Court's attention to -- nor does the Court find -- any notations either made by his doctors, or the Agency reviewers, that concluded that his weight would adversely affect his ability to function. *See* 20 CFR §404.1512 (Evidence of your impairment). In sum, I do not find that the ALJ failed to consider the effects of Mr. Denton's alleged obesity in violation of SSR-02-1p.

Therefore, I am DENYING Plaintiff's Motion for Summary Judgment, and GRANTING Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 11/14/12                          _____/s/_____
                                         Paul W. Grimm
                                         United States Magistrate Judge